STATE OF RHODE ISLAND
PROVIDENCE, SC, SUPERIOR COURT

PRESTON MURPHY and
JUSTIN MURPHY

VS. C.A. NO.: 05-

CITY OF PROVIDENCE by and through its Treasurer, Stephen Napolitano; PROVIDENCE POLICE DEPARTMENT; JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, JOHN DOE V and/or JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, ALIAS individually and as agents of the City of Providence and/or Providence Police Department

**COMPLAINT**

**PARTIES**

1. The Plaintiff, Preston Murphy is a resident of the City of Pawtucket, County of Providence, and State of Rhode Island; Plaintiff, Justin Murphy is a resident of the Town of Muskegon, State of Michigan.

2. Defendant, City of Providence, is a municipal corporation organized under and operating pursuant to Rhode Island Law and is liable under the Doctrine of Respondeat Superior for the negligent acts of its agents; Defendant, Stephen Napolitano, is the Treasurer for the City of Providence, and is sued in that capacity; Notice of Claim was presented as required by law.

3. Defendant, Providence Police Department, Alias is a municipal corporation organized under and operating pursuant to Rhode Island Law and is liable under the Doctrine of Respondeat Superior for the negligent acts of its agents.

4. Defendants, John Doe I through V, Alias and/or Jane Doe I through V, Alias whose identities are presently unknown, but expected to be revealed through discovery are upon information and belief are residents of the State of Rhode Island and are being sued individually and as agents of the City of Providence and/or Providence Police Department; Notice of Claim was presented as required by law.

**COUNT I**

5. Plaintiffs reassert their allegation contained in Paragraphs One through Four as if fully set forth herein.

6. On or about June 26, 2002, at or about Eddy Street at or near Bay Street, in the City of Providence, the Defendant(s) did falsely and without probable cause harass and/or detain and/or intentionally and/or negligently and/or maliciously assault and batter your Plaintiffs about their persons; Plaintiffs were at all times herein in the exercise of due care.

7. As a result of the conduct and/or outrageous actions of the Defendant(s), the Plaintiffs suffered personal injuries including but not limited to emotional distress, incurred medical expenses, suffered great embarrassment and/or public humiliation and pain and suffering in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiffs, Preston Murphy and Justin Murphy, demand judgment against the Defendant(s), individually and in their official capacities, jointly and severally for compensatory damages, punitive damages, attorney's fees, plus interests and costs and any such other relief this Honorable Court deems just and appropriate.

## COUNT II

8. Plaintiffs reassert their allegation contained in Paragraphs Five through Seven as if fully set forth herein.

9. On or about June 26, 2002, Defendant(s) did harass and/or detain your Plaintiffs soley because of their race in violation of the equal protection clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, § 1.

10. As a result of the conduct and/or outrageous actions of the Defendant(s), the Plaintiffs suffered personal injuries including but not limited to emotional distress, incurred medical expenses, suffered great embarrassment and/or public humiliation and pain and suffering in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiffs, Preston Murphy and Justin Murphy, demand judgment against the Defendant(s), individually and in their official capacities, jointly and severally for compensatory damages, punitive damages, attorney's fees, plus interests and costs and any such other relief this Honorable Court deems just and appropriate.

## COUNT III

11. Plaintiffs reassert their allegation contained in Paragraphs Eight through Ten as if fully set forth herein.

12. On or about June 26, 2002, Defendant(s) did falsely and without probable cause harass and/or detain and/or exercised excessive force upon your Plaintiffs in violation of their Fourth Amendment rights.

13. As a result of the conduct and/or outrageous actions of the Defendant(s), the Plaintiffs suffered personal injuries including but not limited to emotional distress, incurred medical expenses, suffered great embarrassment and/or public humiliation and pain and suffering in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiffs, Preston Murphy and Justin Murphy, demand judgment against the Defendant(s), individually and in their official capacities, jointly and severally for compensatory damages, punitive damages, attorney's fees, plus interests and costs and any such other relief this Honorable Court deems just and appropriate.

COUNT IV

14. Plaintiffs reassert their allegation contained in Paragraphs Eleven through Thirteen as if fully set forth herein.

15. On or about June 26, 2002, The Defendants, City of Providence and/or Providence Police Department did negligently fail to properly and adequately train and/or supervise Defendants, John Doe I through V and/or Jane Doe I through V, Alias.

16. As a result of the conduct and/or outrageous actions of the Defendant(s), the Plaintiffs suffered personal injuries including but not limited to emotional distress, incurred medical expenses, suffered great embarrassment and/or public humiliation and pain and suffering in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiffs, Preston Murphy and Justin Murphy, demand judgment against the Defendant(s), individually and in their official capacities, jointly and severally for compensatory damages, punitive damages, attorney's fees, plus interests and costs and any such other relief this Honorable Court deems just and appropriate.

COUNT V

17. Plaintiffs reassert their allegation contained in Paragraphs Fourteen through Sixteen as if fully set forth herein.

18. On or about June 26, 2002, the Defendant(s) did falsely and without probable cause harass and/or detain and/or intentionally and/or negligently and/or maliciously assault and batter your Plaintiffs about their persons in violation of their rights under the Rhode Island Constitution.

19. As a result of the conduct and/or outrageous actions of the Defendant(s), the Plaintiffs suffered personal injuries including but not limited to emotional distress, incurred medical expenses, suffered great embarrassment and/or public humiliation and pain and suffering in amounts sufficient to establish the jurisdiction of the Superior Court.

WHEREFORE, Plaintiffs, Preston Murphy and Justin Murphy, demand judgment against the Defendant(s), individually and in their official capacities, jointly and severally for compensatory damages, punitive damages, attorney's fees, plus interests and costs and any such other relief this Honorable Court deems just and appropriate.

PLAINTIFFS,
By their Attorney,

Christopher E. Fay, Esq. #4651
FAY LAW ASSOCIATES, INC.
917 Reservoir Avenue
Cranston, PI 02910
(401) 944-9600

**PLAINTIFFS HEREBY CLAIM A TRIAL BY JURY.**

**Andrew L. Alberino, III, Esquire is hereby appointed trial counsel.**

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

JUN 27 2005

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 3314

PRESTON MURPHY, ET AL
**Plaintiff**

CITY OF PROVIDENCE, ET AL
**Defendant**

***Summons***

*To the above-named Defendant:* CITY OF PROVIDENCE c/o Stephen Napolitano, Treasurer, 25 Dorrance Street, Providence, RI

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon CHRISTOPHER E. FAY Plaintiff's attorney, whose address is 917 RESERVOIR AVE. CRANSTON RI 02910 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated:

A TRUE COPY ATTEST:
EDWIN J. SEMPER, JR.
CONSTABLE
DATE 6/27/05

JUN 27 2005 10:20A
CITY OF PROV. TREASURY

(Seal of the Superior Court)

S- 135 (REV. 10/00)